UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI EASTERN DIVISION

| | |
|---|---|
| KIET LE, doing business as PLAZA, MADRID, ) ) ) | |
| Plaintiff, ) | |
| v. ) | No. 4:17CV00018 AGF |
| ) | |
| SENTINEL INSURANCE CO., LTD ) THE HARFORD, ) ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Plaintiff Kiet Le to strike, pursuant to Federal Rule of Civil Procedure 12(f), affirmative defenses filed by Defendant Sentinel Insurance Company, Ltd. For the reasons set forth below, this motion will be denied.

## BACKGROUND

In the complaint, Plaintiff alleges that on May 20, 2014, Defendant issued an insurance policy to Plaintiff, which was in force on June 25, 2014, when Plaintiff's real property sustained water damage to the roof and damage to the building. Plaintiff contends that he made a claim under the policy, and on April 28, 2015, Defendant denied the claim. Plaintiff seeks damages under Missouri law for (1) vexatious refusal to pay and (2) breach of contract.

In Defendant's answer, Defendant asserts several affirmative defenses. At issue in this motion are the following affirmative defenses: (1) Both counts of Plaintiff's complaint fail to state a claim for which relief can be granted, (2) Plaintiff failed to

mitigate its damages, (3) Defendant is entitled to a credit or off-set for all sums Plaintiff has recovered on account of the damages alleged in the complaint, (4) Plaintiff's claims are barred and/or limited by the terms of Defendant's policy, (5) Coverage of Plaintiff's damages, if any, are limited to the coverage limits available pursuant to the express terms of the policy, and (11) Defendant reserves the right to further amend and add additional defenses that may become known during the course of discovery.

Plaintiff argues that affirmative defenses (1) through (5) and (11) were improperly pled because they are "bare bone legal conclusions," insufficient to protect Plaintiff against high costs of discovery and litigation costs. Plaintiff also contends that affirmative defense (1) is not a proper affirmative defense, but rather is an argument properly asserted in a motion to dismiss for a defect in Plaintiff's prima facie case; and that affirmative defense (11) is merely a reservation of rights to raise an affirmative defense in the future.

In Defendant's amended answer, filed contemporaneously with Defendant's opposition to Plaintiff's motion to strike, Defendant includes additional facts in support of affirmative defenses (2), (4), and (5). With respect to affirmative defense (2), Defendant adds that Plaintiff failed to mitigate its damages because Plaintiff failed to use all reasonable means to preserve property from further damage at or after the time of the alleged loss. With respect to affirmative defenses (4) and (5), Defendant identifies the specific sections of the policy that Defendant claims bar or limit Plaintiff's claims and damages. Defendant omits affirmative defenses (3) and (11) of Defendant's original answer.

In Defendant's opposition to Plaintiff's motion to strike, Defendant argues that affirmative defense (1) is properly pled because Federal Rule of Civil Procedure 12(h)(2)(A) expressly permits raising a failure to state a claim in pleadings allowed under Rule 7(a), and because there is no prejudice to discovery or litigation as a result of allowing this defense in Defendant's answer.  Defendant further argues that Plaintiff's motion is moot as to affirmative defenses (2), (4), and (5) because Defendant pled additional facts in its amended answer with regard to those affirmative defenses, and moot as to the two affirmative defenses Defendant does not include in its amended answer.  Plaintiff has not filed a reply.

## DISCUSSION

Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter."  Fed. R. Civ. P. 12(f).  The party filing the motion to strike bears the burden of proof.  *Simms v. Chase Student Loan Serv., LLC*, No. 4:08-CV-1480 ERW, 2009 WL 943552, at *2 (E.D. Mo. April 6, 2009).  Because the rule is permissive, courts enjoy "liberal discretion" to strike pleadings under Rule 12(f), but "striking a party's pleading is an extreme measure." *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000).

Accordingly, "[m]otions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted." *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977).  Courts generally agree that "motions to strike should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or

3

more of the parties to the action." *Atl. Recording Corp. v. Raleigh*, No. 4:06-CV-1708 CEJ, 2009 WL 1543458, at *2 (E.D. Mo. June 2, 2009) (internal citations omitted).

As Defendant argues, Rule 12(h)(2)(A) expressly allows failures to state a claim to be raised in an answer. *See CitiMortgage, Inc. v. Just Mortgage, Inc.*, No. 4:09-CV-1909 DDN, 2013 WL 6538680, *8 (E.D. Mo. Dec. 13, 2013) ("[T]he court perceives no prejudicial effect of burdensome discovery or litigating unnecessary issues by allowing failure to state a claim to remain in defendants' [answers]."). As a result, Plaintiff's motion to strike affirmative defense (1) of Defendant's answer is denied.

This Court agrees with Defendants that affirmative defenses (2) through (5) and (11) of Defendant's original answer are moot because these affirmative defenses were either omitted or pled with additional supporting facts in Defendant's amended answer.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to strike Defendant's affirmative defenses is **DENIED**. ECF No. 13.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 5th day of April, 2017.

4